IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KEVIN REID ALTHOUSE #861608 | § | |
| v. | § | CIVIL ACTION NO. 6:11cv608 |
| DR. OWEN MURRAY, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Kevin Althouse, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Althouse named 22 defendants and raised nine grounds for relief, including claims that the prison's medical staffing has been reduced, there is a shortage of officers, the dayrooms at the Beto Unit are too small, older inmates are kept in the same housing areas as younger, more violent ones, inmates are required to stand in line while going to eat or shower, he does not have a ground level storage container, he cannot go to the law library because he has a problem with excessive urination, the prison fails to provide cleanser, and the prison security staff is dictating to the medical department about what treatments can or cannot be ordered. He also argued that the failure to treat his attention-deficient hyperactivity disorder placed him in imminent danger of serious physical injury, a claim which had been rejected in prior litigation.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge noted first that Althouse had a lengthy history of filing frivolous lawsuits and thus was subject to the "three strikes" rule of 28 U.S.C. §1915(g). This statute

1

provides that prisoners who have previously filed at least three lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief could be granted could not proceed under the *in forma pauperis* statute absent a showing of imminent danger of serious physical injury. The Magistrate Judge noted that this exception requires that the threat of harm be "real and proximate," and that allegations of past harm do not suffice; rather, the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed, and the exception refers to "a genuine emergency" where "time is pressing."

The Magistrate Judge carefully went through each of Althouse's claims and determined that Althouse failed to show that he was in imminent danger of serious physical injury. Instead, the Magistrate Judge said, Althouse was simply trying to tailor his pleadings so that they would fit within the statutory exception, and none of his allegations showed "an actual emergency where time is pressing." The Magistrate Judge stated that "the mere recitation of the phrase 'imminent danger' does not invoke the exception."

Althouse has filed objections and supplemental objections to the Magistrate Judge's Report. In his first set of objections, Althouse says that he is in imminent danger because "these grounds continue to exist and are ongoing because the defendants are allowing this conduct to continue." He says that he is "in pain and continues to be in pain," which Althouse says is enough by itself to show imminent danger. Althouse cites a Supreme Court case involving the California prison system and says that "in response to this binding precedent, the Texas prison system has reduced its levels of medical personnel thereby creating a deficiency." He says that he is in "imminent danger of serious physical injury" because he does not have a ground-level storage container and that not being able to go to the law library because he has an excessive urination problem causes him to "have to choose between one constitutional right and another." He attaches documents showing that he has been diagnosed with mild degenerative changes in the lower thoracic spine as well as a herniated disc; he also attaches a health summary for classification form showing that he has restrictions of limited standing, no walking over 150 yards, no lifting over 20 pounds, no bending at the waist, no repetitive

use of hands, no walking on wet or uneven surfaces, no work in direct sunlight, no temperature extremes and no humidity extremes.

In his supplemental objections, Althouse says that he was moved to the Powledge Unit on December 2, 2011, he still wants to pursue the complaint. He says that all of the issues which he raised still exist, but that the most important of these is that the number of medical personnel has been cut in response to budget cuts. On December 2, 2011, he says that a sick call request was received at the Powledge Unit, and he saw a nurse on December 10, who referred him to a medical provider. His appointments on December 19 and January 13 were cancelled; Althouse says that "as he understands it," the provider routinely does not show up, causing a backlog of inmates waiting to see him. In addition, inmates have to wait in a holding cage for four to six hours before they are seen. Althouse says that by TDCJ policy, he must be seen by a provider within seven days after a referral by a nurse.

Althouse attaches an article from a publication called the "Prison Legal News" saying that the state legislature voted for a reduction of 226 million dollars for prisoner health care, knowing that it would damage the ability of the University of Texas Medical Branch as well as TDCJ to provide effective health care. He says that this proves deliberate indifference.

Althouse states that he is eligible for parole, he is 56 years old, and he is "receiving chronic health care treatment." He says that if the State wants to continue to incarcerate him, this will give him plenty of time to pursue this matter through the appellate process and the U.S. Supreme Court.

Althouse's objections are without merit. None of the grounds which he presents show that he is in imminent danger of serious physical injury. The fact that Althouse has a back condition and suffers pain as a result does not show that he is in imminent danger of serious physical injury within the meaning of 28 U.S.C. §1915(g); the medical records which he supplies show that he is receiving treatment, and the classification chart shows that Althouse's infirmities have been considered by prison officials in restricting his work assignments. Back ailments and similar conditions are not uncommon, in prison or outside, and do not afford a blanket exception to 28 U.S.C. §1915(g).

Similarly, Althouse's contention that the purported budget cuts place him in imminent danger of serious physical injury would essentially wipe away the Section 1915(g) exception, as all inmates would be affected by such cuts. He has not shown that he is uniquely affected by any such cuts, and his claim of delays in seeing the provider at the Powledge Unit does not show that he is in imminent danger of serious physical injury, or that he was at the time that the complaint was filed. Edmonds v. Texas Department of Corrections, 161 F.3d 8, 1998 WL 723877 (5th Cir., October 7, 1998) (delays in providing medical care did not create imminent danger of serious physical injury); Cain v. Shilling, civil action no. 7:99cv898 (D.W.Va., March 4, 2001, appeal dismissed) (failure to provide medical treatment which inmate believed appropriate did not place inmate in imminent danger of serious physical injury). In addition, as Althouse concedes, it was the Texas Legislature, not any of the named defendants, who enacted the purported budget cuts, and he cannot sue the Texas Legislature over legislation that it enacts. Tenney v. Brandhove, 341 U.S. 367, 376-78 (1951) (legislators have immunity from suit when discharging their legislative duties). A careful review of each of the grounds raised by Althouse in his complaint and his objections confirms the Magistrate Judge's conclusion that Althouse has failed to show that he is in imminent danger of serious physical injury as that term is used in 28 U.S.C. §1915(g). Althouse's proposed amended complaint, adding TDCJ Executive Director Brad Livingston as a defendant, likewise lacks merit. Althouse is barred from proceeding under the *in forma pauperis* statute.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Plaintiff's complaint, exhibits, and other pleadings, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other documents, pleadings, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motion for leave to proceed *in forma pauperis* (docket no. 2) is DENIED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of the lawsuit without seeking *in forma pauperis* status and upon payment of the $350.00 filing fee. Should Althouse pay the full filing fee within 30 days after the entry of final judgment, the lawsuit shall proceed as though the full filing fee had been paid from the outset; however, payment of the full filing fee would not affect a frivolousness analysis, nor would it affect the question of exhaustion of administrative remedies. Finally, it is hereby

ORDERED that any and all other motions which may be pending in this cause are hereby DENIED.

**So ORDERED and SIGNED this 17th day of February, 2012.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**